FILED

1  KAREN MATTESON, Cal. Bar No. 102103
   Email: mattesonk@sec.gov
2  JASON P. LEE, Cal. Bar No. 196520
   Email: leejas@sec.gov

3  Attorneys for Plaintiff
   Securities and Exchange Commission
4  Rosalind R. Tyson, Regional Director
   John M. McCoy III, Associate Regional Director
5  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
6  Telephone: (323) 965-3998
   Facsimile: (323) 965-3908

7

8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11  SECURITIES AND EXCHANGE          Case No. CV10 6835 RGK JCG
    COMMISSION,
12                                   DECLARATION OF NINA Y.
              Plaintiff,             YAMAMOTO
13
         v.
14
    LADP ACQUISITION, INC.;
15  WILLIAM A. GOLDSTEIN and
    MARC E. BERCOON,
16
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

10 SEP 14 PM 3:32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

I, Nina Y. Yamamoto, declare pursuant to 28 U.S.C. § 1746, as follows:

1.     I am a certified public accountant employed by Plaintiff Securities and Exchange Commission (the "Commission") in its Los Angeles Regional Office.

2.     I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

3.     In the course of my duties with the Commission, I analyze bank records, financial records, and other books and records of companies, and I make calculations and observations based on those records.  The documents that I analyze in the course of my duties with the Commission are of the type reasonably relied upon by accountants in forming opinions and inferences about, among other things, the finances of the company and its sources and uses of money.

4.     During the course of the Commission's investigation entitled In the Matter of L.A. Digital Post, Inc. and pursuant to my duties as an accountant with the Commission, I reviewed bank account records (including underlying detail such as account statements, account opening documents, signature cards, cancelled checks, wire transfers, deposit slips and copies of items deposited, withdrawal slips and bank account transfers) for the following accounts that were produced to the Commission by Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to an administrative subpoena issued by the Commission:

　　　　a.     Wachovia Bank Account No. XXXXXXXXX6172 (Wachovia Bank is a division of Wells Fargo) in the name of LADP, LLC (hereinafter the "LADP, LLC Bank Account") for the period March 20, 2009 through June 30, 2010;

　　　　b.     Wachovia Bank Account No. XXXXXXXXX8506 in the name of LADP Acquisition, Inc. (hereinafter "LADP Acquisition Bank Account") for the period July 21, 2009 through June 30, 2010; and

　　　　c.     Wachovia Bank Account No. XXXXXXXXX6936 in the name of LADP Acquisition, Inc. (hereinafter "Second LADP Acquisition

1

1    Bank Account") for the period November 10, 2009 through June

2    30, 2010.

3  Hereinafter I will refer to LADP, LLC and LADP Acquisition, Inc. collectively as

4  "LADP."

5       5.    A true and correct copy of the declaration of the custodian of records for

6  Wells Fargo which accompanied the Wells Fargo production of records relating to

7  LADP accounts is attached as Exhibit 1.

8       6.    Based on my review of the account opening documents for Wachovia

9  Bank, I have determined that William A. Goldstein ("Goldstein"), Marc E. Bercoon

10  ("Bercoon") and Charles J. Dean are currently authorized signatories on the LADP,

11  LLC Bank Account.   Goldstein, Bercoon and Dean have been authorized signatories

12  from the date the LADP, LLC Bank Account opened on March 20, 2009.  Based on

13  my review of the account documents of the LADP, LLC Bank Account, Alan Weiner

14  became an authorized signatory on that account on September 4, 2009.

15       7.    Based on my review of the account opening documents for the LADP

16  Acquisition Bank Account and the Second LADP Acquisition Bank Account, I have

17  determined that Goldstein, Bercoon and Dean are the authorized signatories for both

18  of those accounts.

19       8.    In conjunction with my duties as an accountant, I calculated total

20  investor funds deposited into the LADP, LLC Bank Account, the LADP

21  Acquisition Bank Account and the Second LADP Acquisition Bank Account as

22  well as the total funds distributed to investors.  In order to calculate the amount of

23  investor funds deposited into each of the accounts, I identified those deposits from

24  individuals or entities who indicated in the memo section of the check that the

25  remittance was intended as an investment and/or who made deposits in round

26  number multiples of a thousand dollars.  Based on a review of the LADP account

27  records produced by Wells Fargo, I calculated that from July 9, 2009 to July 9,

28  2010, LADP raised approximately $3.19 million from individuals and entities I

2

1    identified as investors based on the above criteria.  Of this amount, $130,000 was

2    deposited by investors from July 1, 2010 to July 9, 2010.

3         9.    Based on my review of the account records as described above, I have

4    made the following observations and calculations concerning disbursement of

5    monies from the LADP accounts:

6              a.    Based on my review of the account opening documents for

7                    Wachovia Bank Account No. XXXXXXXXX5328, I have

8                    determined that the account was in the name of Goldstein. A true

9                    and correct copy of the bank declaration from Wells Fargo that

10                   contains bank account identifying information  for Wachovia

11                   Bank Account No. XXXXXXXXX5328 from which I have

12                   redacted all but the last four digits of relevant account numbers is

13                   attached as Exhibit 2.  My further review of the LADP account

14                   records revealed that from July 9, 2009 to July 12, 2010, Goldstein

15                   was paid at least $1,000 by check.   My review of the LADP

16                   account records revealed that a total of $22,000 was transferred

17                   from the LADP, LLC Bank Account to Wachovia Bank Account

18                   No. XXXXXXXXX5328 in the name of Goldstein. True and

19                   correct copies of the relevant canceled check and copies of bank

20                   statements on which I have circled the relevant bank account

21                   transfers and redacted all but the last four digits of relevant

22                   account numbers are attached as Exhibit 3.

23             b.    Based on my review of Goldstein's signature on the signature card

24                   for the LADP accounts, it appears that Goldstein signed numerous

25                   withdrawal slips for the LADP, LLC Bank Account.  My review

26                   of the LADP account records indicates that Goldstein appears to

27                   have signed withdrawal slips totaling $107,600 during the period

28                   July 27, 2009 through July 12, 2010.  True and correct copies of

                                        3

the relevant withdrawal slips from which I have redacted all but the last four digits of relevant account numbers are attached as Exhibit 4.

c.   Based on my review of Bercoon's signature on the signature card for the Wachovia LADP accounts, it appears that Bercoon signed numerous withdrawal slips for the LADP LLC Bank Account and the LADP Acquisition Bank Account. My review of the LADP account records indicates that Bercoon appears to have signed withdrawal slips totaling $171,589 from approximately July 27, 2009 through July 13, 2010. True and correct copies of the relevant withdrawal slips from which I have redacted all but the last four digits of relevant account numbers attached are attached as Exhibit 5.

d.   My review of the LADP account records revealed that from September 9, 2009 to June 4, 2010, $510,800 in bank account transfers were made from the LADP, LLC Bank Account to Wachovia Bank Account No. XXXXXXXXX1382. True and correct copies of the relevant LADP bank statements on which I have circled the relevant account transfers and redacted all but the last four digits of relevant account numbers are attached as Exhibit 6.   Based on my review of the account opening documents for Wachovia Bank Account No. XXXXXXXXX1382, I have determined that the account is in the name of HMRZ Consulting LLC and that Bercoon was a signatory on that account from September 27, 2006 to June 10, 2010.   A true and correct copy of the account documents for Wachovia Bank Account No. XXXXXXXXX1382 that was produced to the Commission by

Wells Fargo pursuant to an administrative subpoena issued by the
Commission is attached as Exhibit 7.

    e.    My review of the LADP account records revealed that from July
10, 2009 to February 8, 2010, $61,300 in bank account transfers
were made from the LADP, LLC Bank Account to Wachovia
Bank Account No. XXXXXXXXX7912 in the name of Ibar
Management Group, an entity for which Goldstein and Bercoon
are officers as set forth in ¶12 below. True and correct copies of
the relevant LADP bank statements on which I have circled the
relevant account transfers and redacted relevant account numbers
are attached as Exhibit 8.

10.    A true and correct copy of the declaration from Wells Fargo that
contains bank account identifying information for Wachovia Bank Account No.
XXXXXXXXX1382 in the name of HMRZ Consulting LLC from which I have
redacted relevant account numbers is attached as Exhibit 9.

11.    I also conducted searches of the Commission's "Edgar" database,
which contains required filings by companies whose securities are registered with
the Commission. My search of the Commission's Edgar database revealed that
Bercoon has held the following positions at the following public companies:

    a.    General Counsel and Secretary of the Broadway Stores, Inc.
from February 1993 to February 1994, and Senior Vice
President beginning in February 1994.

    b.    Chief Financial Officer and President of RCG Companies, Inc.
(now known as OneTravel Holdings, Inc.) from February 28,
2005, to April 28, 2005, and from April 28, 2005, to June 6,
2006, respectively.

    c.    Assistant Secretary for Market Central, Inc. (now known as
Scientigo, Inc.) as of March 25, 2005, when he signed a restated

5

1   certificate of incorporation that was attached as an Exhibit to a

2   Form S-4 registration statement filed on November 10, 2005.

3       d.   Director of Mixson Corporation as of March 2, 2001, when he

4       signed its Amended Form S-1 registration statement.

5   12.   In addition to searching on the Commission's Edgar database, I

6   searched the Internet to determine additional companies Bercoon was affiliated

7   with. My search of the Internet revealed that Bercoon is:

8       a.   listed as a contact person in a June 9, 2010 press release for

9       Generation Zero Group, a public company which files reports

10       with the Commission;

11       b.    a director of Growth Capital Group, a company that

12       purportedly provides financial advisory and investment banking

13       services; and

14       c.   an officer and a manager as of October 19, 2009 of Ibar

15       Management Group, LLC, a company located in Atlanta,

16       Georgia and incorporated in Florida.

17   13.   My search of the Commission's Edgar database disclosed that

18   Goldstein has held the following positions with the following public companies:

19       a.   Chairman of the Board and CEO of RCG Companies, Inc. (now

20       known as OneTravel Holdings, Inc.) during the period February

21       1, 2004, to June 6, 2006, and April 28, 2005, to June 6, 2006,

22       respectively.

23       b.   Director of Market Central, Inc. (now known as Scientigo, Inc.)

24       during the period February 2003 to November 2004.

25       c.   Company and Investor Relations contact for Generation Zero

26       Group as of June 14, 2010 as stated in a press release filed as an

27       attachment to a Form 8-K filed with the Commission.

28

d.    My separate search of the Internet further revealed that Goldstein is an officer and a manager as of October 19, 2009 of Ibar Management Group, LLC, a company located in Atlanta, Georgia and incorporated in the State of Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of September, 2010 in Los Angeles, California.

*Nina Y. Yamamoto*

Nina Y. Yamamoto