KAREN MATTESON, Cal. Bar No. 102103
Email: mattesonk@sec.gov
JASON P. LEE, Cal. Bar No. 196520
Email: leejas@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LADP ACQUISITION, INC.; WILLIAM A. GOLDSTEIN and MARC E. BERCOON,<br><br>Defendants. | Case No. CV10 6835<br><br>**DECLARATION OF RICHARD A. MATTHEWS** |

## **DECLARATION OF RICHARD A. MATTHEWS**

I, Richard A. Matthews, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I have personal knowledge of each of the matters set forth below and, if called as a witness, I could and would testify competently to the facts stated herein under oath.

2. I live in El Cajon, California and am a licensed commercial insurance agent.

3. In September or October 2009, I received an unsolicited phone call or "cold call" from Dominic at Paramount Capital of America offering securities in L.A. Digital Post, Inc. ("LADP"). Before receiving this phone call, I had never expressed any interest in investing in LADP, had never even heard of this company, and had never spoken with Dominic.

4. During this call, Dominic told me he was selling LADP shares on behalf of LADP. He said that LADP was "going public" in 60 days. He then said that because of this, LADP only had a limited amount of shares to sell and I needed to act fast if I wanted to be included in this opportunity. He concluded that once LADP went public, the company would be worth at least $160 million and that investors who bought shares now would make a lot of money.

5. About a week after our conversation, Dominic sent me, by Federal Express, some documents related to the LADP offering, including a "L.A. Digital Post, Inc. Confidential Investor Information" memorandum and "LADP Acquisition, Inc. Confidential Private Placement Memorandum." True and correct copies of these memoranda are attached as <u>Exhibit 1</u> and <u>Exhibit 2</u>.

6. When I received the Confidential Investor Information memorandum, I reviewed the document and saw that LADP was featured throughout. For example, LADP's logo and website was on page 1, a biography of Gary Migdal, LADP's CEO and President, was featured on page 2, and many of LADP's TV and movie industry clients were reflected on pages 5 through 7. I believed, based on

what the memorandum stated and what Dominic told me, that I would be investing in LADP. I also visited LADP's website, which confirmed for me that LADP was a real, operating company.

7. Dominic called me following my receipt of the Confidential Investor Information memorandum. He again told me that LADP's public offering was imminent and that I should buy shares in the company right away or I would miss out. I decided to buy 2,300 LADP shares for $1 a share at or around November 2009. A true and correct copy of my stock certificate is attached as Exhibit 3.

8. Following my investment, I received a letter from William Goldstein, who was identified in the letter as LADP's Chairman, thanking me for my purchase. A true and correct copy of the letter is attached as Exhibit 4.

9. I became concerned when LADP did not go public after 60 days as Dominic had promised. I called Mr. Migdal in July 2010 to ask him when LADP was planning its IPO. He told me "there was no offering."

10. In early August 2010, I received a call from Jason P. Lee, an attorney in the Enforcement Division of the Securities and Exchange Commission. I told him, among other things, that I invested in LADP and currently held about 2,300 LADP shares. He asked me to look at my stock certificate to see whether the document reflected my shares in "L.A. Digital Post, Inc." After reviewing the stock certificate, I was surprised to learn that I had actually purchased shares in a company called LADP Acquisition, Inc., not LADP.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 4, 2010 in EL CAJON, California.

Richard A. Matthews

2