1  KAREN MATTESON, Cal. Bar No. 102103
   Email: mattesonk@sec.gov
   JASON P. LEE, Cal. Bar No. 196520
2  Email: leejas@sec.gov

3  Attorneys for Plaintiff
   Securities and Exchange Commission
4  Rosalind R. Tyson, Regional Director
   John M. McCoy III, Associate Regional Director
5  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
6  Telephone:  (323) 965-3998
   Facsimile:  (323) 965-3908
7

8

9              UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11  SECURITIES AND EXCHANGE            Case No. CV10 6835 RGK   JCG
    COMMISSION,
12                                     DECLARATION OF GARY R.
            Plaintiff,                 POST
13
        v.
14
    LADP ACQUISITION, INC.;
15  WILLIAM A. GOLDSTEIN and
    MARC E. BERCOON,
16
            Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF GARY R. POST

I, Gary R. Post, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I have personal knowledge of each of the matters set forth below and, if called as a witness, I could and would testify competently to the facts stated herein under oath.

2.      I live in V *Bloomington*   Minnesota.  I am an insurance agent.

3.      On August 16, 2010, I received an unsolicited phone call or "cold call" from Brandon Rossetti of Premier Capital offering securities in L.A. Digital Post, Inc. ("LADP").  Before receiving this phone call, I had never expressed any interest in investing in LADP, had never even heard of this company, and had never spoken with Mr. Rossetti.

4.      During this call, Mr. Rossetti identified himself as acting on behalf of LADP and stated that I could participate in a private placement of LADP securities.  He also stated that LADP was scheduled to go public within 90 days and that its shares would be publicly trading on the American Stock Exchange. He further stated that if I purchased LADP shares at the $1 per share private offering price, with a $25,000 minimum investment, I could reap substantial profits when LADP conducted its public offering.  Finally, he told me I should act quickly as other investors were purchasing LADP shares and LADP only had $1 million of shares left in what he described as a $10 million LADP offering.

5.      Following this August 16, 2010 phone call, Mr. Rossetti mailed and emailed me the following documents:

- "Confidential Investor Information" memorandum. A true and correct copy of this memorandum is attached as Exhibit 1.
- LADP Acquisition, Inc. ("LADP Acquisition") "Subscription Agreement."  A true and correct copy of this document is attached as Exhibit 2.

1

1       • LADP Acquisition "Purchaser Questionnaire." A true
2         and correct copy of this questionnaire is attached as
3         Exhibit 3.
4       • LADP Acquisition "Purchaser Representative
5         Questionnaire." A true and correct copy of this
6         questionnaire is attached as Exhibit 4.
7       6.     Upon reviewing the Confidential Investor Information memorandum
8  that is attached as Exhibit 1, I noted the following:
9       • Page 1 reflected LADP's logo and its website,
10        www.ladigital.com.
11      • Page 3 identified Gary Migdal as LADP President and
12        CEO, Marc Bercoon as LADP Vice Chairman &
13        Chief Financial Officer, and Will Goldstein as LADP
14        Chairman.
15      • Pages 5 through 7 described LADP's offices in New
16        York, Toluca Lake, and West Los Angeles and its
17        post-production services to television and film clients.
18      • Page 8 contained "Financial Highlights" reflecting
19        LADP's 2009 and 2010 financial performance.
20      7.     When I read the last page of the Confidential Investor Information
21 memorandum (page 9), however, I noticed that the contact information for this
22 offering was LADP Acquisition. I also noticed that I was asked to send funds to
23 purchase shares in this offering to a bank account located in Atlanta, Georgia.
24      8.     I then reviewed the other documents Mr. Rossetti had provided me –
25 the Subscription Agreement, Purchaser Questionnaire, and Purchaser
26 Representative Questionnaire (Exhibits 2 through 4). I again noted that while
27 LADP was highlighted in the Confidential Investor Information memorandum
28 (Exhibit 1), all the other documents reflected LADP Acquisition.

9.    I was surprised that this other entity, LADP Acquisition, was included in these materials because Mr. Rossetti and the Confidential Investor Information memorandum only highlighted LADP's business, management, and financial results. I became suspicious and called to question Mr. Rossetti on August 18, 2010. He told me that my investment would go "directly to the company." I understood based on his prior statements to me that he meant LADP.

10.    I also called Gary Migdal, the CEO and President of LADP, on August 18, 2010 to have him confirm, among other things, that LADP and LADP Acquisition were one and the same and that LADP was raising money through an offering. He told me that LADP was not conducting any offering of any kind and that I was being "scammed." He also told me to contact Jason P. Lee, an attorney with the Enforcement Division of the Securities and Exchange Commission.

11.    On August 18, 2010, I called and spoke with Mr. Lee.

12.    From August 16, 2010, the first time I received a call about LADP, until August 19, 2010, I received a number of phone calls from Mr. Rossetti urging me to invest. On August 19, 2010, he told me that Will Goldstein, LADP's Chairman, would be contacting me about my potential investment in LADP. As of today, Mr. Goldstein has not yet called me.

13.    I decided not to invest in LADP or LADP Acquisition.

14.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August _26_ , 2010 in Edina, Minnesota.

Gary R. Post

3