KAREN MATTESON, Cal. Bar No. 102103
Email: mattesonk@sec.gov
JASON P. LEE, Cal. Bar No. 196520
Email: leejas@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908



FILED
CLERK, U.S. DISTRICT COURT
SEP 16 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LADP ACQUISITION, INC.;<br>WILLIAM A. GOLDSTEIN and<br>MARC E. BERCOON,<br><br>Defendants. | Case No. CV10 6835 RGK JCGx<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS, (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS, AND (3) REQUIRING ACCOUNTINGS; AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION |

LODGED
10 SEP 14 PM 3:27
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

1  This matter came to be heard upon the Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order And Orders: (1) Freezing Assets, (2) Prohibiting The Destruction Of Documents, (3) Requiring Accountings; And Order To Show Cause Re Preliminary Injunction (the "Application").

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that Defendants LADP Acquisition, Inc. ("LADP"), William A. Goldstein ("Goldstein") and Marc E. Bercoon ("Bercoon"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C §§ 77e(a), 77e(c) & 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits in this action.

D. Good cause exists to believe that the Defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

E. It is appropriate and the interests of justice require that the Commission's Application be granted without notice to the Defendants as the Commission has set forth in its Application the reasons supporting its claim that notice should not be required, and it appears from specific facts shown by the Declarations filed by the Commission that immediate and irreparable injury, loss, or damage will result if notice to the Defendants is given.

*

*

## I.

IT IS HEREBY ORDERED that the Commission's Application for a Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Prohibiting The Destruction Of Documents, And (3) Requiring Accountings; And Order To Show Cause Re Preliminary Injunction is GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants LADP, Goldstein and Bercoon, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy through the use or medium of any prospectus or otherwise any security, or carrying or causing any security to be carried through the mails or in interstate commerce for the purpose of sale or delivery after sale, unless a registration statement has been filed as to such security, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## III.

IT IS FURTHER ORDERED that Defendants LADP, Goldstein and Bercoon, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

   A.   employing any device, scheme or artifice to defraud;

1  B.  obtaining money or property by means of any untrue statement of a
2      material fact or any omission to state a material fact necessary in order
3      to make the statements made, in light of the circumstances under
4      which they were made, not misleading; or
5  C.  engaging in any transaction, practice, or course of business which
6      operates or would operate as a fraud or deceit upon the purchaser;
7 in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that Defendants LADP, Goldstein and Bercoon, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A.  employing any device, scheme or artifice to defraud;
B.  making any untrue statement of a material fact or omitting to state a
    material fact necessary in order to make the statements made, in the
    light of the circumstances under which they were made, not
    misleading; or
C.  engaging in any act, practice, or course of business which operates or
    would operate as a fraud or deceit upon any person;
in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants LADP, Goldstein and Bercoon, and their officers, agents,

servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of Defendants LADP, Goldstein and Bercoon, and their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them; and

    B.    transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of LADP, or any of its subsidiaries or affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by LADP, Goldstein and Bercoon, or any entity affiliated with any of them, including, but not limited to, the accounts set forth below:

\*

\*

\*

| Institution Name | Account Name | Account No. |
|---|---|---|
| Wells Fargo (Wachovia) Bank | LADP LLC | 2000043566172 |
| Wells Fargo (Wachovia) Bank | LADP Acquisition, Inc. | 2000044678506 |
| Wells Fargo (Wachovia) Bank | LADP Acquisition, Inc. | 2000043566936 |
| Wells Fargo (Wachovia) Bank | William A. Goldstein and/or Marc E. Bercoon | 1100005945328 |
| Wells Fargo (Wachovia) Bank | HMRZ Consulting LLC | 2000032231382 |
| Wells Fargo (Wachovia) Bank | IBAR Management Group | 2000042167912 |
| Suntrust Bank | Marc Bercoon | 0008815069235 |
| Suntrust Bank | Marc Bercoon | 0008815069243 |
| Suntrust Bank | Marc Bercoon and/or Nporta Inc. | 0008801042733 |

### VII.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of LADP and the other entities under the control of Goldstein and/or Bercoon .

### VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants LADP, Goldstein and Bercoon, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily

restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants LADP, Goldstein and Bercoon, and their subsidiaries and affiliates.

## IX.

IT IS FURTHER ORDERED that defendants LADP Acquisition, Goldstein and Bercoon, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates shall, within 48 hours of service of this Order upon each of them, cause to be prepared and delivered to counsel for the Commission and to the Receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. The schedule required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords necessary to access the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The Commission is authorized to make an electronic, digital or hard copy of all of the data contained on the computers and/or PDAs.

## X.

IT IS FURTHER ORDERED that Defendants LADP, Goldstein and Bercoon, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates within 24 hours of the issuance of this Order, cause to be prepared and delivered to counsel for the Commission and the Receiver, a detailed and complete schedule of all passwords, usernames, and identification numbers for all web sites,

1  email accounts, and all accounts at any bank, financial institution or brokerage firm
2  (including any futures commission merchant) operated by or to which Defendants
3  LADP, Goldstein and Bercoon, have access.

## XI.

5  IT IS FURTHER ORDERED that Defendants Goldstein and Bercoon shall,
6  within five days of the issuance of this Order, prepare and deliver to the
7  Commission a detailed and complete schedule of all of their personal assets,
8  including all real and personal property exceeding $5,000 in value, and all bank,
9  securities, futures and other accounts identified by institution, branch address and
10 account number. The accounting shall include a description of the source(s) of all
11 such assets. Such accounting shall be filed with the Court and a copy shall be
12 delivered to counsel for the Commission in this action at the Commission's Los
13 Angeles Regional Office. After completion of the accounting, Defendants
14 Goldstein and Bercoon shall produce to the Commission's Los Angeles Regional
15 Office, at a time agreeable to the Commission, all books, records and other
16 documents supporting or underlying their accounting.

## XII.

18 IT IS FURTHER ORDERED that this Temporary Restraining Order shall
19 expire at _Nine_ o'clock _a_ .m. on _September 30th_, 2010, unless, for good
20 cause shown, it is extended or unless the parties against whom it is directed
21 consent that it may be extended for a longer period.

## XIII.

23 IT IS FURTHER ORDERED that at ~~o'clock~~ .m. on
24 _October 7, 2010_ ~~September 23rd~~, 2010, or as soon thereafter as _reasonably possible_ ~~the parties can be heard, the~~
25 ~~Defendants, and each of them, shall appear before the Honorable~~
26 _R. Gary Klausner_, Judge of the United States District Court for the
27 Central District of California, _shall issue a determination regarding_ ~~to show cause, if there be any, why a preliminary~~
28 _Plaintiff's request for preliminary injunction_ ~~injunction should not be granted in accordance with the prayer for relief contained~~

7

1  ~~in the Complaint filed by the Commission~~. Any declarations, affidavits, points and
2  authorities, or other submissions in support of, or in opposition to, the issuance of
3  such an Order shall be filed with the Court and delivered to the Commission's Los
4  Angeles office and the offices of the Defendants and/or their attorneys no later than
5  __12__ o'clock __p__ .m. on __Sept 23__, 2010. Any reply papers shall be
6  filed with the Court and delivered to opposing counsel no later than __12__ o'clock
7  __p__ .m. on __Sept. 27__, 2010.

## XIV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: September __16__, 2010
TIME: __10:00__ o'clock __a__ .m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Karen Matteson
Attorney for Plaintiff
Securities and Exchange Commission

8