KAREN MATTESON, Cal. Bar No. 102103
Email: mattesonk@sec.gov
JASON P. LEE, Cal. Bar No. 196520
Email: leejas@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LADP ACQUISITION, INC.; WILLIAM A. GOLDSTEIN and MARC E. BERCOON,<br><br>Defendants. | Case No. CV 10-6835 RGK (JCGx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS LADP ACQUISITION, INC., WILLIAM A. GOLDSTEIN AND MARC E. BERCOON** |

The Securities and Exchange Commission having filed a Complaint and Defendants LADP Acquisition, Inc., William A. Goldstein and Marc E. Bercoon (collectively, "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys-in-

1

1  fact, and all persons in active concert or participation with them who receive actual
2  notice of this Judgment by personal service or otherwise are permanently
3  restrained and enjoined from violating Section 17(a) of the Securities Act of 1933
4  (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by
5  the use of any means or instruments of transportation or communication in
6  interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 1, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of their Consents or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection

with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each of the Defendants' Consents is incorporated herein with the same force and effect as if fully set forth herein, and that each Defendant shall comply with all of the undertakings and agreements set forth in his or its Consent.

### VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that paragraphs V. through IX. of the Order Of Preliminary Injunction And Orders: (1) Continuing Freeze Of Assets, (2) Prohibiting The Destruction Of Documents, And (3) Requiring Accountings issued September 29, 2010, ("Preliminary Injunction"), which continue the previously imposed asset freeze, prohibition against destruction of documents, and grant continuing access to the Commission to inspect or copy corporate books and records, shall remain in full force and effect until further order of this Court.

### VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of this Judgment and all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

\*
\*
\*
\*
\*
\*

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, there being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment forthwith.

DATED: FEB 11 2011

HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE