1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10 **WESTERN DIVISION**

| | |
|---|---|
| 11   SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 10-6835 RGK (JCGx) |
| 12 | **ORDER GRANTING MOTION** |
|          Plaintiff, | **BY PLAINTIFF SECURITIES** |
| 13 | **AND EXCHANGE COMMISSION** |
|     v. | **FOR SUMMARY JUDGMENT** |
| 14 | **AND FINAL JUDGMENT AS TO** |
|   LADP ACQUISITION, INC.; | **DEFENDANTS LADP** |
| 15   WILLIAM A. GOLDSTEIN and | **ACQUISITION, INC.; WILLIAM** |
|   MARC E. BERCOON, | **A. GOLDSTEIN AND MARC E.** |
| 16 | **BERCOON** |
|          Defendants. | |
| 17 | |

18

19

20

21

22

23

24

25

26

27

28

This matter having come before the Court on Plaintiff Securities and Exchange Commission's Motion For Summary Judgment As To Disgorgement And Civil Penalties Against Defendants LADP Acquisition, Inc., William A. Goldstein, And Marc E. Bercoon; the Defendants previously having admitted the Court's jurisdiction over each of them and over the subject matter of this action and consented to the entry of a Judgment Of Permanent Injunction And Other Relief as to each of them, which Judgments were entered as to each of the Defendants (Docket Nos. 52-54); and the Court having considered the motion by the Securities and Exchange Commission ("Commission"), and all papers and arguments submitted regarding that motion:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Commission's Motion For Summary Judgment As To Disgorgement And Penalties Against Defendants LADP Acquisition, Inc., William A. Goldstein, And Marc E. Bercoon is GRANTED.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a

1    material fact necessary in order to make the statements made, in the

2    light of the circumstances under which they were made, not

3    misleading; or

4    (c)    to engage in any act, practice, or course of business which operates or

5    would operate as a fraud or deceit upon any person.

## III.

7    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

8  Defendants and Defendants' officers, agents, servants, employees, attorneys-in-

9  fact, and all persons in active concert or participation with them who receive actual

10  notice of this Final Judgment by personal service or otherwise are permanently

11  restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

12  (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by

13  the use of any means or instruments of transportation or communication in

14  interstate commerce or by use of the mails, directly or indirectly:

15    (a)    to employ any device, scheme, or artifice to defraud;

16    (b)    to obtain money or property by means of any untrue statement of a

17    material fact or any omission of a material fact necessary in order to

18    make the statements made, in light of the circumstances under which

19    they were made, not misleading; or

20    (c)    to engage in any transaction, practice, or course of business which

21    operates or would operate as a fraud or deceit upon the purchaser.

## IV.

23    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

24  Defendants and Defendants' officers, agents, servants, employees, attorneys-in-

25  fact, and all persons in active concert or participation with them who receive actual

26  notice of this Final Judgment by personal service or otherwise are permanently

27  restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C.

28  § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $3,192,735, which represents profits gained in connection with the Defendants' offering of securities as alleged in the Complaint, and prejudgment interest thereon of $267,477.61, for a total of $3,460,212.61.  Defendants shall satisfy this obligation by paying $3,460,212.61 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Clerk of this Court, together with a cover letter identifying the Defendant as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of such payment

1   and letter to the Commission's counsel in this action.  By making payments

2   pursuant to this Final Judgment, the Defendants relinquish all legal and equitable

3   right, title, and interest in such funds, and no part of the funds shall be returned to

4   the Defendants.  Pursuant to Local Rule 67-1, the Clerk shall deposit the funds into

5   an interest bearing account.  These funds, together with any funds paid by any

6   financial institution or brokerage firm pursuant to paragraph VI of this Final

7   Judgment in partial satisfaction of this Final Judgment, and any interest and

8   income earned thereon (collectively, the "Fund"), shall be held in the interest

9   bearing account until further order of the Court.  In accordance with Local Rule

10   67-2, the Clerk is authorized and directed, without further order of this Court, to

11   deduct from the income earned on the money in the Fund a fee not to exceed the

12   amount prescribed by the Judicial Conference of the United States.  The

13   Commission may propose a plan to distribute the Fund subject to the Court's

14   approval.  Defendants shall pay post-judgment interest on any delinquent amounts

15   pursuant to 28 U.S.C. § 1961.

## VI.

17        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, except

18   as otherwise ordered by this Court, the previously ordered freeze placed on all

19   monies and assets (with an allowance for necessary and reasonable living expenses

20   to be granted only upon good cause shown by application to the Court with notice

21   to and an opportunity for the Commission to be heard) in all accounts at any bank,

22   financial institution or brokerage firm, all certificates of deposit, and other funds or

23   assets, held in the name of, for the benefit of, and/or over which account authority

24   is held by any of the Defendants or any entity affiliated with any of the

25   Defendants, remains in full force and effect, except to the extent that all funds and

26   assets held in any such accounts shall be disgorged by the financial institution or

27   brokerage firm holding the account in partial satisfaction of this Final Judgment,

28   such accounts including but not limited to, the accounts set forth below:

| Institution | Account name/signatories | Account number |
|---|---|---|
| Alpha Bank and Trust | Marc E. Bercoon | Account number unknown |
| Bank of North Georgia | JCN Holdings, Inc. | 00100001767 |
| Bank of North Georgia | William A. Goldstein C. John Dean | 100019090 |
| Mesirow Financial | Marc E. Bercoon | Account number unknown |
| Mesirow Financial | Marc E. Bercoon IRA | 88016593 |
| RBC Wealth Management (fka RBC Dain, fka Reliance Securities LLC) | Marc E. Bercoon | 820-03610 |
| RBC Wealth Management (fka RBC Dain, fka Reliance Securities LLC) | Marc E. Bercoon | 832-00867 |
| RBC Wealth Management (fka RBC Dain, fka Reliance Securities LLC) | WAG Holdings LLC | 832-00814 |
| RBC Wealth Management (fka RBC Dain, fka Reliance Securities LLC) | William A. Goldstein | 820-03936 |
| RBC Wealth Management (fka RBC Dain, fka Reliance Securities LLC) | William A. Goldstein | 815-01513 |
| RBC Wealth Management (fka RBC Dain, fka Reliance Securities LLC) | William A. Goldstein | 832-00323 |
| RBC Wealth Management (fka RBC Dain, fka Reliance Securities LLC) | William A. Goldstein | 832-00322 |
| Suntrust Bank | Find.com Acquisition Inc. | 1000096485494 |
| Suntrust Bank | Marc E. Bercoon Rhonda Bercoon | 8815069235 |

5

| Institution | Account name/signatories | Account number |
|---|---|---|
| Suntrust Bank | Marc E. Bercoon | 0008815069243 |
| Suntrust Bank | NPORTA Inc. | 0008801042733 |
| TD Ameritrade | Marc E. Bercoon | Account number unknown |
| Wells Fargo Bank NA (fka Wachovia Bank) | Find.com Acquisition Inc. | 20000043566570 |
| Wells Fargo Bank NA (fka Wachovia Bank) | HMRZ Consulting | 2000032231382 |
| Wells Fargo Bank NA (fka Wachovia Bank) | IBAR Management Group | 2000042167912 |
| Wells Fargo Bank NA (fka Wachovia Bank) | LADP Acquisition Inc. | 2000043566936 |
| Wells Fargo Bank NA (fka Wachovia Bank) | LADP Acquisition Inc. | 2000044678506 |
| Wells Fargo Bank NA (fka Wachovia Bank) | LADP LLC | 2000043566172 |
| Wells Fargo Bank NA (fka Wachovia Bank) | LADP LLC | 2000057392536 |
| Wells Fargo Bank NA (fka Wachovia Bank) | Marc E. Bercoon | 1010287139149 |
| Wells Fargo Bank NA (fka Wachovia Bank) | Marc E. Bercoon William A. Goldstein | 1100005945328 |
| Wells Fargo Bank NA (fka Wachovia Bank) | Marc E. Bercoon | 3000209898489 |
| Wells Fargo Bank NA (fka Wachovia Bank) | Marc E. Bercoon | 4737023988168328 |
| Wells Fargo Bank NA (fka Wachovia Bank) | RA Rothman William A. Goldstein | 1010258391709 |
| Wells Fargo Bank NA (fka Wachovia Bank) | SEO Holdings LLC | 2000043566392 |
| Wells Fargo Bank NA (fka Wachovia Bank) | SEO Holdings LLC | 4828802619087019 |
| Wells Fargo Bank NA (fka Wachovia Bank) | SEO Holdings LLC | 4828803051909017 |

| Institution | Account name/signatories | Account number |
|---|---|---|
| Wells Fargo Bank NA (fka Wachovia Bank) | Willfind LLC | 20000042167705 |
| Wells Fargo Bank NA (fka Wachovia Bank) | William A. Goldstein Ray Alyssa Rothman | 3000218306593 |

The financial institutions and/or brokerage firms shall comply with this Final

Judgment by paying any funds held, and by liquidating any securities held and

paying all proceeds from such liquidation, within 14 days after notice of entry of

this Final Judgment, by certified check, bank cashier's check, or United States

postal money order payable to the Clerk of the Court, together with a cover letter

identifying the account number from which the funds are being paid and the

account name(s); setting forth the title and civil action number of this action and

the name of this Court; and specifying that payment is made pursuant to this Final

Judgment.  The financial institution and/or brokerage firm shall simultaneously

transmit photocopies of such payment and letter to the Commission's counsel in

this action.  As set forth in paragraph V of this Final Judgment, any payments

made pursuant to this paragraph shall be included in the Fund, and held in an

interest bearing account until further order of the Court.   Notice of entry of this

Final Judgment may be effected by the Commission causing delivery of a copy of

the Final Judgment to the financial institution or brokerage firm by United States

mail, overnight delivery service, email, telefacsimile or hand delivery.

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant Goldstein shall pay a third tier civil penalty in the amount of $150,000

and Defendant Bercoon shall pay a third tier civil penalty in the amount of

$150,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and

Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendants

Goldstein and Bercoon shall each make their required payment within 14 days

1   after entry of this Final Judgment by certified check, bank cashier's check, or

2   United States postal money order payable to the Securities and Exchange

3   Commission.  The payment shall be delivered or mailed to the Office of Financial

4   Management, Securities and Exchange Commission, Operations Center, 6432

5   General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be

6   accompanied by a letter identifying the respective defendant making the payment

7   and identifying him as a defendant in this action; setting forth the title and civil

8   action number of this action and the name of this Court; and specifying that

9   payment is made pursuant to this Final Judgment.  A copy of the letter and

10   payment shall be simultaneously served on counsel for the Commission in this

11   action.  Defendants shall pay post-judgment interest on any delinquent amounts

12   pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant

13   to this paragraph to the United States Treasury.

## VIII.

15       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

16   Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

17   of this Final Judgment.

## IX.

19       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, there

20   being no just reason for delay, the Clerk of the Court is hereby directed, pursuant

21   to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment

22   forthwith.

24   DATED:      August 30, 2011      _____

                                         HONORABLE R. GARY KLAUSNER
25                                       UNITED STATES DISTRICT JUDGE